**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SPUDRUNNER, INC.,

                Plaintiff,

vs.

REDI-SPUDS OF NEVADA, INC., et al.,

                Defendants.

Case No. 2:07-cv-01628-RLH-PAL

**ORDER AND REPORT OF FINDINGS AND RECOMMENDATION**

(Mtn Default Judgt - #45)

      This matter is before the court on plaintiff Spudrunner, Inc.'s Applications for Default Judgment by Judge (## 45, 47) requesting that default judgment be entered against defendants Redi-Spuds of Nevada, Inc. ("Redi-Spuds") (#45) and George R. Hart (#47). This matter was referred to the undersigned pursuant to LR IB 1-4 and 28 U.S.C. § 636(b)(1)(B).

      The complaint (#1) in this matter was filed December 7, 2007. Before any defendant filed an answer or responsive pleading in response to the original complaint (#1), Spudrunner filed an amended complaint (#19) on December 26, 2007. Hart was personally served with a copy of the amended summons and amended complaint on January 10, 2008 (#29). Spudrunner also served Redi-Spuds on the same date (#30) by personally serving Hart, who is Redi-Spuds' Corporate Treasurer, with a copy of the amended summons and amended complaint.

      On February 1, 2008, Spudrunner filed Motions for Clerk's Entry of Default as to Hart (#41) and Redi-Spuds (#42) for their failure to timely respond to the amended summons and complaint. The Clerk entered default as to these defendants on February 4, 2007 (## 43, 44). Spudrunner filed the instant Motions for Default Judgment the following day, seeking default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure for the claims pleaded in the Amended Complaint. The motions state that Hart and Redi-Spuds have not made an appearance in this action which would entitle

them to notice pursuant to Rule 55(b)(2), are not infants or incompetent persons, and are not in the military service. Attached to each motion is a declaration of Dell Mitchell, President of Spudrunner, regarding the sum of the judgment sought, the interest on that amount, and the contractual basis for the collection of attorney's fees and costs in this case. Also attached to each motion is an affidavit of Bradley J. Richardson as to the amount of attorney's fees and costs incurred in prosecuting this action. To date Hart and Redi-Spuds have not filed an answer or other responsive pleading in response to the amended complaint.

Pursuant to Rule 55(b), a court may order default judgment following the entry of default by the Clerk of the Court. A party is not entitled to a default judgment as a matter of right. Instead, the decision rests within the sound discretion of the court. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). A court may consider the following factors in determining whether to grant default judgment: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Under Rule 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." The court may determine the amount of damages where it is necessary "to enable the court to enter judgment or to carry it into effect." Fed. R. Civ. P. 55(b)(2). The demand for relief must also be specific under Rule 8(a)(3). PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).

**A.      Preliminary Requirements**

In the instant case, Spudrunner served Hart and Redi-Spuds with a copy of the amended summons and amended complaint in compliance with Rule 4 and obtained a Clerk's entry of default pursuant to Rule 55(a) after Hart and Redi-Spuds failed to timely file a responsive pleading to the amended complaint. The court also finds that Hart and Redi-Spuds have not made an appearance in

1  this action which would entitle them to notice pursuant to Rule 55(b)(2), are not infants or incompetent
2  persons, and are not members of the military service. Additionally, Spudrunner has not prayed for a
3  remedy that would "differ in kind from, or exceed in amount, what is demanded in the pleadings," Fed.
4  R. Civ. P. 54(c), because the relief requested in the Motions for Default Judgment is the same as the
5  relief sought in the amended complaint. The court may therefore order a default judgment if it finds
6  that such relief is warranted under the Eital factors and the demand for relief is sufficiently specific
7  under Rule 8(a)(3).

**B.    Eital Factors**

1.    Substantive Merits and Sufficiency of the Complaint

10 The first two factors under Eitel require that the court take into account the substantive merits of
11 plaintiff's claims and the sufficiency of the complaint. The essential inquiry is whether the facts alleged
12 in the complaint are sufficient to state a claim upon which relief may be granted. PepsiCo, 238 F. Supp
13 at 1175; see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).
14 The amended complaint states the following claims for relief: breach of contract (Cause of
15 Action I), violations of 7 U.S.C. §§ 499b and 499e of the Perishables Agricultural Commodities Act
16 ("PACA") (II and III), constructive fraud (IV), unjust enrichment (V), conversion (VI), constructive
17 trust (VII), and declaratory relief (VIII). After reviewing the amended complaint, the court finds that
18 Spudrunner has properly alleged these causes of action.
19 The amended complaint alleges that between July 30, 2007 and November 17, 2007,
20 Spudrunner sold and shipped perishable agricultural commodities to defendants at defendants' request.
21 Defendants had agreed to pay at least $119,784.40 for these goods pursuant to an agreement with
22 Spudrunner, but failed, refused, and continue to fail and refuse to pay Spudrunner any part of the
23 amount owed. Spudrunner claims it has performed all of the conditions, covenants, and obligations
24 required by the agreement and that Spudrunner suffered losses totaling at least $119,784.40 as a result
25 of defendants' failure to pay. Nevada defines "breach of contract" as a material failure of performance
26 of a duty arising under or imposed by agreement." Calloway v. City of Reno, 993 P.2d 1259, 1263
27 (Nev. 2000), overruled on other grounds, Olson v. Richard, 89 P.3d 31 (Nev. 2004). The amended
28 / / /

1  complaint clearly alleges a breach of contract claim by stating that Spudrunner and defendants entered
2  into a contract and that defendants breached the contract by refusing to pay for the goods tendered.
3       Regarding the PACA causes of action, the amended complaint states that Spudrunner was
4  engaged in the business of selling or shipping perishable commodities in interstate commerce as
5  defined by § 499a, Spudrunner fulfilled all duties required to preserve its statutory trust benefits under
6  § 499e(c), and violated PACA by failing to maintain the trust assets under § 499e(c), diverting the
7  assets for their own use or to third parties in violation of § 499e(c), and not paying for the goods
8  pursuant to § 499b(4). By alleging that PACA applies to this case and that defendants engaged in
9  conduct prohibited by the statute, Spudrunner has established valid claims for relief under PACA.
10      Spudrunner also states a cause of action for constructive fraud. Under Nevada law,
11 "[c]onstructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the
12 law declares fraudulent because of its tendency to deceive others or to violate confidence. Constructive
13 fraud is characterized by a breach of duty arising out of a fiduciary or confidential relationship." Perry
14 v. Jordan, 900 P.2d 335, 337 (Nev. 1995) (citations omitted). Because the amended complaint alleges
15 that defendants owed Spudrunner a fiduciary duty pursuant to PACA, and that defendants breached this
16 duty by engaging in the conduct discussed above and by misleading and deceiving Spudrunner, the
17 amended complaint properly alleges a claim for constructive fraud.
18      Additionally, "[u]njust enrichment is the unjust retention . . . of money or property of another
19 against the fundamental principles of justice or equity and good conscience." Asphalt Products Corp. v.
20 All Star Ready Mix, Inc., 898 P.2d 699, 701 (Nev. 1995) (internal quotations omitted). Spudrunner
21 asserts that defendants have been unjustly enriched by diverting the goods for their own use and to third
22 parties without paying for them. The court therefore finds this claim is sufficiently alleged in the
23 amended complaint.
24      Concerning its cause of action for conversion, Spudrunner contends that defendants owed
25 Spudrunner sums totaling $119,784.40, but converted this money by failing to tender payment to
26 Spudrunner and diverting the money to themselves and third parties. "Conversion is a distinct act of
27 dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights
28 therein or in derogation, exclusion or defiance of such rights." Edwards v. Emperor's Garden Rest.,

130 P.3d 1280, 1287 (Nev. 2006). While no Nevada court has explicitly held that an action for conversion may lie with respect to a sum of money, "money is subject to conversion . . . in a variety of circumstances . . . ." 44 A.L.R. 2d 927, § 7[b]. "Whether or not money can be converted by and become the subject of a conversion action . . . depends upon the nature of the contract . . . ." Id. "Thus where the contract requires payment to the principal of the specific money (or its equivalent), the money is subject to conversion, and an action will lie against the agent for a failure to comply which amounts to a conversion." Id. Because the money in dispute in this case is arguably subject to conversion, the court finds that the amended complaint sets forth a claim for relief under that theory.

Spudrunner's constructive trust claim alleges that defendants hold PACA trust assets as constructive trustees for Spudrunner's benefit. These assets consist of "cash on deposit, inventory of perishable agricultural commodities, accounts receivable and the proceeds of sale therefrom, and certain real property owned by Defendants." (Am. Compl. at 8.) A constructive trust is "a remedial device by which the holder of legal title to property is held to be a trustee for the benefit of another who in good conscience is entitled to it." Danning v. Lum's, Inc., 478 P.2d 166, 167 (Nev. 1970). Since Spudrunner claims defendants wrongfully hold property to which Spudrunner is entitled, the court finds that a constructive trust is a potential remedy under the circumstances.

Finally, Spudrunner seeks an order from the court declaring:

(1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. § 541;

(2) that Plaintiff's trust claim under the PACA amendment are superior to and take priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and,

(3) that only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. § 499(b)(4) and 7 Code of Federal Regulations § 46.33.

(Am. Compl. at 9.) The court finds that Spudrunner properly seeks declaratory relief establishing the parties' legal rights and duties pursuant to federal law. See 28 U.S.C. § 2201; Fed. R. Civ. P. 57.

Because the court finds that Spudrunner has adequately pled its claims against defendants, the first two factors weigh in favor of granting the requests for default judgment.

///

5

2.   Amount at Stake

Under the third Eitel factor, the court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. The amount at stake in this matter is $119,784.40, plus 1.5 percent per month (18 percent interest per annum), plus all costs incurred in collecting any unpaid amounts, including attorney's fees. The declaration of Dell Mitchell and the invoices attached as Exhibit "A" to the motions support Spudrunner's representation that the principal amount sought is for unpaid invoices for the shipment of potatoes. Taking the factual allegations in the amended complaint as true, the court finds that defendants' breach of contract is serious enough to warrant the recovery of the amount owed pursuant to the agreement between the parties. Thus, this factor favors the entry of default judgment in favor of Spudrunner.

3.   Possibility of Prejudice

The fourth Eitel factor considers whether the plaintiff will suffer prejudice if default judgment is not entered. It is unlikely that Spudrunner will be able to pursue recovery through another channel if its Motions for Default Judgment are not granted. As a result, the court finds that this factor weighs in favor of granting the motions.

4.   Possibility of Dispute

The fifth Eitel factor requires the court to determine whether any material facts in the case are subject to possible dispute. Because all well-pleaded facts in the amended complaint are to be taken as true, except those relating to damages, TeleVideo, 825 F.2d at 917-18, and defendants have failed to dispute any of the factual allegations in the amended complaint, the court finds that the material facts are not likely to be in dispute.

5.   Possibility of Excusable Neglect

Under the sixth Eitel factor, the court must consider whether the default resulted from excusable neglect. Service of a copy of the amended summons and amended complaint was properly effectuated by personally serving Hart, who is a named defendant and Corporate Secretary of Redi-Spuds. Hart and Redi-Spuds have not answered the amended complaint or demonstrated excusable neglect for their failure to do so. The court therefore finds that this factor weighs in favor of Spudrunner.

///

   6.  <u>Policy Favoring Decisions on the Merits</u>

Courts favor deciding cases on their merits. <u>Eitel</u>, 782 F.2d at 1472.  However, default judgment is appropriate in certain circumstances under Rule 55(b).  A decision on the merits in this case is difficult, if not impossible, due to the failure of Hart and Redi-Spuds to answer the amended complaint.  Thus, the preference for deciding cases on their merits does not preclude the court from entering default judgments against Hart and Redi-Spuds.

Based on the discussion above, the court finds that all seven <u>Eital</u> factors weigh in favor of entering default judgment against Hart and Redi-Spuds.

## C. **Specificity of Relief Sought**

Spudrunner seeks $119,784.40, plus 18 percent interest per annum, plus all costs incurred in collecting any unpaid amounts, including attorney's fees, and a declaration of the parties' rights and duties under federal law.  The principal amount sought is supported by Mitchell's affidavit, which also sets forth the basis for plaintiff's requests for 18 percent interest and attorney's fees.  Although the amended complaint states that "a full accounting is necessary to determine the scope, extent and value of PACA trust assets being held by Defendants," the invoices contained in Exhibit "A" to the Motions for Default Judgment support Spudrunner's request for the specific sum of $119,784.40, plus 18 percent per annum.  The court finds that the principal relief sought is sufficiently specific under the federal rules.

However, Spudrunner's request for attorneys fees and costs does not comply with the Local Rules.  Richardson's affidavit simply states that the total amount of attorney's fees and costs incurred in prosecuting this action to date are $14,732.63.  Spudrunner provides no additional information or documentation in support of its claim for attorney's fees and costs.  A prevailing party who requests reasonable costs must serve and file a bill of costs and disbursements in compliance with LR 54-1(a) on the form provided by the clerk. Additionally, LR 54-16 sets forth the requirements for a request for attorney's fees.  Spudrunner has not submitted a bill of costs and disbursements pursuant to LR 54-1 or submitted a request for attorney's fees which contains the information required by LR 54-16.  The court will therefore deny plaintiff's request for attorney's fees and costs, but grant plaintiff leave to submit another request for attorney's fees and costs in compliance with LR 54-1 and LR 54-16.

Based on the foregoing and for good cause,

**IT IS RECOMMENDED** that, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, plaintiff's Motion for Default Judgment (#45) be GRANTED, DEFAULT JUDGMENT be entered against defendant Redi-Spuds, Inc., and Spudrunner recover the sum of $119,784.40, plus interest on that amount at 18 percent per annum from the date of November 14, 2007.

**IT IS ORDERED** that plaintiff's request for attorney's fees and costs is DENIED, with leave to submit another request for attorney's fees and costs in compliance with LR 54-1 and LR 54-16.

Dated this 13th day of March, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE